UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:11-CV-49

**INTEGRA BANK**
**NATIONAL ASSOCIATION**                                                     **PLAINTIFF**

**v.**

**ROBERT H. RICE, SR., ET AL.**                                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff Integra Bank National Association's Motion to Dismiss Counterclaim filed by Defendants/Counterclaimants Robert H. Rice, Sr. a/k/a Robert H. Rice a/k/a Robert Rice and Paula L. Rice a/k/a Paula Rice (Docket #25) and Motion to Strike Jury Trial Demand (Docket #26). Defendants/Counterclaimants have responded (Docket #27, 28). Plaintiff has replied (Docket #31, 32). This matter is now ripe for adjudication. For the following reasons, Plaintiff's motion to dismiss is DENIED and the motion to strike jury trial demand is GRANTED.

## BACKGROUND

Plaintiff/Counterclaim Defendant Integra Bank, National Association ("Integra") filed this foreclosure action on January 21, 2011, against Robert H. Rice, Sr., a/k/a Robert H. Rice a/k/a Robert Rice and Paula L. Rice a/k/a Paula Rice ("the Rices"), among others. On March 2, 2011, the Rices filed their Answer and Counterclaim against Integra.

This matter concerns a loan from Integra to the Rices for the purchase of a Louisville, Kentucky, residence. On October 21, 2005, the parties executed a promissory note in the amount of $1.3 million. The Rices also executed an Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing in favor of Integra on that same date. On November 29, 2007, the

parties entered into a First Modification Agreement, which extended the October 21, 2007, maturity date of the loan to January 31, 2008. A Second Modification Agreement was signed on February 25, 2008, which extended the maturity date to January 31, 2009. The parties also entered into an Amended and Restated Promissory Note increasing the amount of the loan and modifying other terms. The parties entered into a Third Modification Agreement on February 26, 2009, setting June 30, 2009, as the new maturity date.

Finally, on April 29, 2010, the parties entered into a Forbearance and Loan Modification Agreement. Integra agreed to forbear from exercising its remedies under the loan until the earliest of:

(1) October 15, 2010,

(2) the occurrence of a Termination Event as defined in Section 7 of this Agreement, or

(3) repayment in full of all obligations and indebtedness owed by the Borrowers to the Lender for any amounts now existing or arising after the date of this Agreement, including all applicable interest, late charges, premiums, penalties, and attorneys' fees.

Forbearance & Loan Modification Agreement, DN 1-8, p. 4, ¶ 3(a). Under Section 7 of the forbearance agreement, a "Termination Event" included "[f]ailure of the Borrowers to pay or cause to be paid any amounts required under this Agreement as and when due, and/or pay any amount when due, and/or perform or observe any other covenant, term or condition of any of the other Loan Documents . . . ." *Id.* at 10, ¶ 7(a). In the absence of a "Termination Event," Integra agreed to release the Rices from their obligations under the mortgage and loan documents provided the Rices made a "Release Payment" following the sale of the property. *Id.* at 8, ¶ 6(d). The Forbearance and Loan Modification Agreement also included a confidentiality provision,

which stated:

> The Borrowers and the Lender agree that this Agreement contains confidential information that will not be disclosed by either party (except to their applicable attorneys, auditors and advisors) to any third person except with the specific prior written consent of the other party, unless there is a Termination Event, in which case the Lender shall be under no obligation to keep this Agreement confidential. This confidentiality includes, but is not limited to, communication with the tenant pursuant to the Hughes Lease, except for the requirement that the tenant shall continue to pay rent to the Lender, which both the Borrower and the Lender acknowledge is understood by the tenant.

*Id.* at 16, ¶ 15(p). The Rices's counterclaim is based largely upon this provision of the forbearance agreement.

Integra alleges that the Rices failed to pay the monthly installments of principal and interest due pursuant to the loan, and are therefore in default. Because of this default, Integra filed the present lawsuit. The Rices assert that they made every effort to sell their property from April 14, 2010, to October 15, 2010, but did not receive any offers to purchase. They allege that Integra's violation of the confidentiality provision prevented them from selling their property. Integra now moves to dismiss the Rices's counterclaim.

## DISCUSSION

### I. Motion to Dismiss

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). The "[f]actual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted). A plaintiff must allege sufficient factual allegations to give the defendant fair notice concerning the nature of the claim and the grounds upon which it rests. *Id.*

Furthermore, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A court is not bound to accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.

The Rices's counterclaim alleges that Integra is liable for (I) breach of contract, (II) interference with prospective contractual relationships, and (III) breach of the implied duty of good faith and fair dealing. Integra argues that the Rices have failed to allege sufficient facts to state a plausible claim for relief.

Under Kentucky law, a cause of action for breach of contract must state "the contract, the breach and the facts which show the loss or damage by reasons of the breach." *Fannin v. Commercial Credit Corp.*, 249 S.W.2d 826, 827 (Ky.1952). The Rices's counterclaim identifies the contract as the Forbearance and Loan Modification Agreement. They further allege breach of this agreement by "Integra's disclosure of the terms of the Forbearance Agreement in violation of the confidentiality provision contained therein." Rices's Answer & Counterclaim, DN 20, p. 7. This breach of the confidentiality provision included listing the Rices's loan on a list of "bad loans" which Integra allegedly circulated to its officers, employees and "outside

4

sources." *Id.* In addition,

> the existence and/or terms of the Forbearance Agreement also were disclosed by Integra to third parties, including potential purchasers of the Rices' property, during the term of the Forbearance Agreement in violation of said agreement. Because of certain internal problems in Integra, certain information was made public or disclosed to the public that caused a cloud or taint on the Rices' property that discouraged potential buyers from offering an adequate or acceptable price, and therefore harmed the Rices.

*Id.* Because of Integra's breach, the Rices's allege they were damaged such that they were unable to sell their property and the forbearance agreement terminated according to its terms. *Id.* at 8.

Integra argues that the Rices failed to identify the alleged information provided to third parties in violation of the forbearance agreement and how this release prevented unknown third party buyers from purchasing the property. Thus, Integra asserts, the Rices have failed to state a claim for relief under Rule 12(b)(6). The Court notes that the counterclaim asserts that Integra listed the Rices's loan as a "bad loan" on a list distributed internally and to third parties, and that such action was taken without the Rices's written consent. Therefore, the Rices have clearly alleged that a contract existed and Integra breached that contract. In addition, the Rices have alleged that they were damaged as a result of this breach. The counterclaim is not merely a recitation of the elements of a breach of contract claim. Construing the counterclaim liberally in favor of the Rices, the Court believes it provides fair notice to Integra. Accordingly, the motion to dismiss as to the breach of contract counterclaim is denied.

A claim for tortious interference with a prospective contractual relationship in Kentucky mirrors the requirements set forth in the Restatement (Second) of Torts § 766B. *See Nat'l Collegiate Athletic Ass'n v. Hornung*, 754 S.W.2d 855, 857 (Ky. 1988) (adopting Restatement

(Second) of Torts §§ 766B, 767, and 773). Under § 766B,

> One who intentionally and improperly interferes with another's prospective contractual relation (except a contract to marry) is subject to liability to the other for the pecuniary harm resulting from loss of the benefits of the relation, whether the interference consists of
>
> (a) inducing or otherwise causing a third person not to enter into a contract or continue the prospective relation or
>
> (b) preventing the other from acquiring or continuing the prospective relation.

Restatement (Second) of Torts § 766B (1979); *see also Harrodsburg Indus. Warehousing, Inc. v. MIGS, LLC*, 182 S.W.3d 529, 534 (Ky. Ct. App. 2005).

The counterclaim alleges that Integra intentionally disclosed the terms of the forbearance agreement to third parties, which thus interfered with the Rices's prospective contractual relationships with potential buyers of the property. Rices's Answer & Counterclaim, DN 20, p. 9. This intentional disclosure was improper as it was in violation of the forbearance agreement's confidentiality provision. *Id.* at 7. Because of Integra's interference, the Rices allege they have suffered damage because third parties would not enter into contracts to purchase the property in question. *Id.* at 9. The Court finds that the Rices alleged sufficient facts to support their claim for relief under a tortious interference with a prospective contractual relationship theory. Accordingly, Integra's motion to dismiss as to this claim is denied.

Finally, Count III of the counterclaim alleges that "Integra breached its duty of good faith and fair dealing by making it impossible for the Rices to sell the real estate and comply with the terms of the Forbearance Agreement." *Id.* at 10. "Within every contract, there is an implied covenant of good faith and fair dealing, and contracts impose on the parties thereto a duty to do everything necessary to carry them out." *Farmers Bank & Trust Co. of Georgetown, Ky. v.*

*Willmott Hardwoods, Inc.*, 171 S.W.3d 4, 11 (Ky. 2005) (citing *Ranier v. Mount Sterling Nat'l Bank*, 812 S.W.2d 154, 156 (Ky. 1991)). The Rices allege that Integra breached its duty by violating the forbearance agreement's confidentiality policy, thus preventing the Rices from performing under the "Release Payment" provision. *See* Rices's Answer & Counterclaim, DN 20, p. 10. This breach relies upon the same allegations asserted previously in support of the Rices's breach of contract and intentional interference claims. Accordingly, the Court finds that the Rices have properly stated a claim for relief. Integra's motion to dismiss is denied.

## II. Motion to Strike Jury Trial Demand

Next, Integra moves to strike the Rices's demand for a jury trial. In support of this motion, Integra cites to several jury waiver provisions contained in the loan documents executed by the parties. *See* Promissory Note, DN 1-1, p. 5, ¶ 9.7; Open-End Mortgage, Assignment of Rents, Security Agreement and Fixture Filing, DN 1-3, p. 8, ¶ 7.10.16; Amended and Restated Promissory Note, DN 1-6, p. 5, ¶ 9.7; Forbearance and Loan Modification Agreement, DN 1-8, p. 16, ¶ 15(k). In all of these documents, the jury waiver provision is highlighted in capital letters with boldface and sometimes italicized type, set out in its own paragraph entitled "Jury Waiver," "Waiver of Trial by Jury," or "Waiver of Jury Trial." *See id.* The Forbearance and Loan Modification Agreement, for example, states:

> **JURY WAIVER. EACH OF THE PARTIES HEREBY VOLUNTARILY, KNOWINGLY, IRREVOCABLY AND UNCONDITIONALLY WAIVES ANY RIGHT TO HAVE A JURY PARTICIPATE IN RESOL[V]ING ANY DISPUTE (WHETHER BASED ON CONTRACT, TORT, OR OTHERWISE) BETWEEN THEM ARISING OUT OF OR IN ANY WAY RELATED TO THIS AGREEMENT OR THE TRANSACTIONS CONTEMPLATED HEREIN. THIS PROVISION IS A MATERIAL INDUCEMENT TO THE LENDER TO PROVIDE THE FINANCING ESTABLISHED BY THIS AGREEMENT.**

DN 1-8, p. 16, ¶ 15(k). The other documents contain similar provisions. The Rices signed each

of these agreements.

Based on these jury waiver provisions, Integra moves to strike the Rices's request for a jury trial, as set forth in their Answer and Counterclaim. "[T]he right to a jury trial in the federal courts is to be determined as a matter of federal law in diversity as well as other actions." *Simler v. Conner*, 372 U.S. 221, 222 (1963); *see also Chesterfield Exchange, LLC v. Sportsman's Warehouse, Inc.*, 528 F. Supp. 2d 710, 712 (E.D. Mich. 2007) (citing *K.M.C. Co. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir. 1985)). "Although the right to a jury trial is guaranteed by the Constitution, 'like other constitutional rights, [it] can be waived by the parties.'" *Sewell v. Jefferson Cnty. Fiscal Court*, 863 F.2d 461, 464 (6th Cir. 1988) (quoting 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2321 (1971)). "It is clear that the parties to a contract may by prior written agreement waive the right to jury trial." *K.M.C. Co.*, 757 F.2d at 755. Such waiver must be made knowingly and voluntarily. *Id.* at 756. "When a contract contains an express jury waiver provision, the party objecting to that provision has the burden of demonstrating that its consent to the waiver was not knowing and voluntary." *Efficient Solutions, Inc. v. Meiners' Country Mart, Inc.*, 56 F. Supp. 2d 982, 983 (W.D. Tenn. 1999) (citing *K.M.C., Co.*, 757 F.2d at 758).

The Rices argue that their consent to the waiver was not knowing and voluntary because the loan documents were contracts of adhesion, and thus unenforceable under federal law. In addition, the Rices note that there was substantial disparity in bargaining power between the parties. Integra asserts that the forbearance agreement was not a contract of adhesion and there was no substantial disparity in bargaining power because the Rices were represented by counsel and the agreement was the product of negotiations between the parties.

8

The counterclaim relies upon provisions of the forbearance agreement. Prior to entering into this agreement, the Rices were required to obtain legal counsel.[1] Integra's attorney, Geoffrey White, submitted an affidavit to the Court indicating the terms of the forbearance agreement "were discussed, changed and were mutually agreed upon." White Aff., DN 32-1, ¶ 3. The Rices's attorney requested changes and modifications, several of which were incorporated into the agreement. *Id.* at ¶¶ 4-5. In addition, the Rices were required to obtain a borrower's opinion prior to entering into the forbearance agreement. *See id.* at 4-9. The waiver was set out in bold, all capital letters and contained in its own paragraph, such that it was conspicuous to any reader.

The Court finds that the Rices have failed to demonstrate that their consent to the waiver was not knowing and voluntary. Accordingly, Integra's motion to strike the jury demand is granted.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Dismiss is DENIED and Plaintiff's Motion to Strike Jury Trial Demand is GRANTED.

---

[1] Integra also notes that Mr. Rice is a licensed real estate attorney in Louisville, Kentucky, who has practiced for over forty years.